OPINION
{¶ 1} Plaintiff-appellant, Larry C. Smith, appeals from a judgment entry and decree of divorce issued by the Butler County Court of Common Pleas, Domestic Relations Division, granting him a divorce from defendant-appellee, Diane W. Smith.
 {¶ 2} The parties were married in 1964. Two children were born as issue of the marriage; both are now emancipated. The parties have lived separate and apart from one another since 1990, but they continued to hold themselves out as husband and wife during this period.
 {¶ 3} During the parties' marriage, appellant worked as an embalmer at his family's funeral home in Oxford, Ohio. He and his brother eventually became the co-owners of the funeral home. Appellant's brother later sold his one-half interest in the funeral home to appellant's friend, Harry Ogle. The business then became known as the Smith Ogle Funeral Home.
 {¶ 4} Appellee worked part-time in the funeral home during the marriage. Among other duties, she worked as one of the funeral home's hairdressers. She also worked as a clerk at the Lazarus department store in Oxford, Ohio, until the store closed in 2004. At the time of the divorce proceedings, appellee was unemployed, but she still performed part-time duties as a hairdresser at Smith Ogle.
 {¶ 5} During the marriage, the parties bought a house at 927 Silvoor Lane in Oxford, Ohio, which became their marital residence. Appellant moved out of the residence in 1990 when the parties separated; appellee, however, continued to live there. During the period of their separation, appellant paid appellee maintenance and support. By the time of the divorce proceedings, appellant was paying appellee $700 twice each month for maintenance and support.
 {¶ 6} On February 24, 2004, appellant filed a complaint for divorce against appellee in the Butler County Court of Common Pleas, Domestic Relations Division. On February 1, 2005, the trial court held a hearing on the unresolved issues between the parties.
 {¶ 7} On February 9, 2005, the trial court filed a decision awarding appellee the parties' marital residence, which had a net equity of $116,000, and one-half of the funeral home's $141,750 increase in value during the marriage. Also as part of the property division, the trial court ordered that each party "shall retain the use of the vehicle [that had been provided to them by the Smith Ogle Funeral Home, which was currently] in his or her care." The trial court further ordered that "[s]o long as [appellee] uses the car she currently does, [appellant] is to provide gas, insurance and maintenance per the past practice of the business." The trial court also ordered appellant to pay appellee monthly spousal support of $1,500 for an indefinite period. The trial court incorporated its decision in a judgment entry and decree of divorce that was filed on March 24, 2005.
 {¶ 8} Appellant now appeals from the divorce decree, assigning the following as error:
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT WHEN IT DID NOT PROVIDE HIM WITH ANY INTEREST IN THE MARITAL RESIDENCE."
 {¶ 11} Appellant argues that the trial court erred in failing to equitably divide the parties' martial assets. Specifically, he argues that the trial court erred in awarding appellee one-half of the funeral home's $141,750 increase in value during the marriage, while at the same time, awarding appellee the entire interest in the marital residence. He further argues that the trial court erred in failing to specify its reasons for not dividing the parties' marital property equally. We find these arguments unpersuasive.
 {¶ 12} "Marital property" means all real and personal property currently owned by either or both spouses. R.C.3105.171(A)(3)(a). Marital property must be divided equally unless an equal division would be inequitable, in which case the property must be divided equitably rather than equally. R.C.3105.171(C). A trial court's division of marital property is reviewed under an abuse of discretion standard. Martin v.Martin (1985), 18 Ohio St.3d 292, 294. An abuse of discretion exists only when the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The trial court's division of property should be viewed as a whole in determining whether the court divided the parties' marital assets in an equitable and fair manner. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. In reviewing the trial court's decision, an appellate court may not substitute its judgment for that of the trial court. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 131.
 {¶ 13} In Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, the court held that a trial court must make written findings of fact when it distributes property in an equitable rather than equal manner. Id. at 477-478. The reason behind requiring a court to make written findings of fact when it divides marital property in an equitable rather than equal manner is to permit a reviewing court to determine whether the demands of R.C. 3105.171 have been met. Id.
 {¶ 14} In this case, the trial court divided the parties' marital property by awarding appellant $185,077 worth of assets and appellee $261,066 worth of assets. The disparity in the property division arose largely from the trial court's decision to award appellee the parties' marital residence, which had an equity of $116,000.
 {¶ 15} While the trial court did not specify its reasons for dividing the marital property in the manner it did, its reasons were, nonetheless, made clear in other parts of the court's decision and were apparent from the evidence presented in this case. The parties had been married for 40 years, and had chosen for the last 15 of those years to live apart from one another, with appellee residing in the marital residence and appellant residing in an apartment above the funeral home. The trial court's property division merely continued a long-standing arrangement that the parties themselves already had in place. The trial court's decision to do so is not an abuse of discretion.
 {¶ 16} Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT IN THE AMOUNT AND DURATION OF THE SPOUSAL SUPPORT PAYMENTS THAT IT ORDERED."
 {¶ 19} Appellant argues that the trial court erred in ordering him to pay appellee $1,500 per month in spousal support, and erred in ordering him to pay that support for an indefinite period of time, because appellee failed to put forth a good faith effort to obtain employment, he is approaching retirement, and his business has declined due to the increased number of people who are choosing to be cremated. We disagree with this argument.
 {¶ 20} R.C. 3105.18(B) provides that a trial court, upon request, "may award reasonable spousal support to either party." R.C. 3105.18(C)(1) provides a list of factors that the trial court must consider "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support[.]" These factors include the parties' income, earning abilities, and ages, as well as the parties' physical, mental, and emotional conditions. See R.C. 3105.18(C)(1)(a)-(c). The trial court is also to consider the duration of the parties' marriage, R.C.3105.18(C)(1)(e), and the standard of living that the parties established during the marriage, R.C. 3105.18(C)(1)(g), in fashioning a spousal support order.
 {¶ 21} R.C. 3105.18 vests the trial court with broad discretion in formulating both the amount and duration of a spousal support award, and the trial court's decision will not be overturned on appeal unless the decision constitutes an abuse of discretion, i.e., the decision is arbitrary, unconscionable or unreasonable. See Griffith v. Purcell (Jan. 26, 1998), Scioto App. No. 97 CA 2512.
 {¶ 22} In this case, there was ample support for the trial court's decision to award appellee spousal support of $1,500 per month for an indefinite period. Initially, as we have previously noted, the parties were married for 40 years. At the time of the divorce, both parties were 64 years old. Appellant remained employed as the co-owner of a funeral home. In the past several years, he has earned at least $60,000 per year. Appellee, on the other hand, is currently unemployed after having lost her job at Lazarus, which she held for 18 years. At the time of the divorce proceedings, appellant was already paying appellee $1,400 per month in support.
 {¶ 23} Furthermore, the evidence showed that appellant has several health concerns. She had breast cancer in 2000, and takes medication to prevent its reoccurrence. She also has heart arrhythmia and is subject to hives under stress, and takes medications for these ailments as well. Under all of these circumstances, we find no abuse of discretion in the trial court's decision to award appellee $1,500 per month in spousal support for an indefinite period.
 {¶ 24} Appellant's second assignment of error is overruled.
 {¶ 25} Assignment of Error No. 3:
 {¶ 26} "THE TRIAL COURT ERED TO THE PREJUDICE OF PLAINTIFFA-PPELLANT WHEN IT ORDERED HIM TO PROVIDE GAS, INSURANCE, AND MAINTENANCE FOR THE DEFENDANT-APPELLEE'S AUTOMOBILE."
 {¶ 27} Appellant argues that the trial court erred in ordering him to continue to provide gas, insurance, and maintenance for appellee's automobile as he had done during the marriage, because those things had been provided during the marriage through the Smith Ogle Funeral Home. He argues that because the funeral home and its other co-owner, Harry Ogle, were not made parties to this action, the trial court could not issue an order that, in effect, binds the funeral home and Ogle to continue to provide appellee with an automobile and all expenses associated with the vehicle, e.g., gas, insurance, and maintenance, for as long as appellee uses the car she is currently driving. We agree with this argument.
 {¶ 28} During the parties' marriage, the Smith Ogle Funeral Home provided both its owners and their wives with an automobile to use. The automobiles were owned by Smith Ogle, and the company paid all of the expenses associated with them. During the divorce proceedings, appellee requested that she be awarded the vehicle she was currently using — a 1999 Chrysler with an appraised value of $6,200.
 {¶ 29} As part of its division of the parties' property, the trial court refused to assign any value to the vehicles that the parties were using since "the cars are owned by the business." Nevertheless, the trial court decided that "[e]ach party shall retain the use of the vehicle in his or her care[,]" and further decided that "[s]o long as [appellee] uses the car she currently does, [appellant] is to provide gas, insurance and maintenance per the past practice of the business." The trial court incorporated these decisions in its March 24, 2005 judgment entry and decree of divorce which stated, in pertinent part:
 {¶ 30} "g) Vehicles: [Appellee] gets to retain the use of her 1999 Chrysler vehicle and [appellant] shall provide gas, insurance and maintenance, as per the past practice of the business. [Appellant] shall retain his 2003 Yukon, free and clear of any interest in [sic, of] [Appellee]. Both vehicles are titled and owned by the business. All personal property has been divided and exchanged." ("Bold" emphasis in the original.)
 {¶ 31} Initially, the trial court was correct in finding that it could not award appellee the vehicle she was currently using as she had requested, since the vehicle is owned by the Smith 
Ogle Funeral Home and not by appellant alone. However, the trial court erred in permitting appellee to retain the use of that vehicle, and in ordering appellant "to provide gas, insurance and maintenance per the past practice of the business."
 {¶ 32} The trial court's order regarding the vehicle in effect treats a benefit that appellant receives as part of his compensation from the Smith Ogle Funeral Home as a divisible marital asset. Other courts have held that certain benefits such as unused sick leave that will result in payment are marital property if the benefit has accumulated during the marriage. SeeRupp v. Rupp (Nov. 27, 1987), Ottawa App. No. OT-86-71. In this case, however, the benefit in question did not accumulate
during the marriage. Instead, the benefit was used by the owners and their spouses throughout the course of the marriage. Consequently, this benefit was not a divisible marital asset, and the trial court erred by dividing this benefit as if it were one.
 {¶ 33} Appellant's third assignment of error is sustained.
 {¶ 34} The trial court's judgment is affirmed in part and reversed in part. Pursuant to App.R. 12(A)(1)(a), paragraph "g" of the trial court's Property Division is modified to read as follows:
 {¶ 35} "g) Vehicles: Both vehicles (i.e., the 1999 Chrysler and the 2003 Yukon) are titled to and owned by the Smith Ogle Funeral Home. All personal property has been divided and exchanged."
Walsh, P.J., and Grady, J., concur.
Grady, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.