Cupp, J.
{¶ 1} Once C.B. was adjudicated a dependent child, the Cuyahoga County Department of Children and Family Services (“CCDCFS”) was granted temporary custody. CCDCFS placed C.B. with foster parents. After more than a year, CCDCFS sought to be awarded permanent custody of the child and termination of the rights of the natural parents, thereby allowing the agency to place the child for adoption.
{¶ 2} The juvenile court denied CCDCFS’s motion and terminated CCDCFS’s temporary custody of the child. The court also ordered that the child be placed with the father. Accordingly, it granted the father legal custody of the child but continued CCDCFS’s protective supervision of the child so that progressive in-home and overnight visitation with the father could be implemented. According to the court’s order, the temporary-custody order was to terminate within the week.
{¶ 3} Two days later, CCDCFS filed a motion to modify the dispositional order. CCDCFS requested a two-month extension of temporary custody to complete the progressive visitation schedule. In the motion, CCDCFS asserted that the goal of gradual, increased visitation could not be achieved without the additional time. The court stayed the order that terminated CCDCFS’s temporary custody, pending a hearing on CCDCFS’s motion. The child’s mother then appealed the order granting custody to the father, and the child’s guardian ad litem filed a cross-appeal on behalf of the child, challenging the trial court’s denial of CCDCFS’s motion for permanent custody and the award of legal custody to the father.
{¶ 4} The Court of Appeals of Cuyahoga County dismissed the appeal on the authority of In re Adams, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886. The child’s guardian ad litem sought discretionary review by this court, asking whether an award of legal custody by a trial court in a neglect or dependency *233 proceeding is a final order from which an appeal may be taken by the minor child who is the subject of the order, whether an order granting legal custody is a final, appealable order, and whether a minor child in a permanent-custody case is entitled to counsel. We accepted jurisdiction. 125 Ohio St.3d 1461, 2010-Ohio-2753, 928 N.E.2d 737.
{¶ 5} For an order to be final and appealable, it must meet the requirements of R.C. 2505.02(B). R.C. 2505.02(B) provides:
{¶ 6} “An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
{¶ 7} “(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
{¶ 8} “(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.”
{¶ 9} In In re Adams, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, a trial court denied a children-serviees agency’s motion to modify an order granting it temporary custody to an order of permanent custody. The appellate court dismissed the agency’s appeal of the denial for lack of a final, appealable order. This court affirmed and held, “A trial court order denying the motion of a children-serviees agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2).”
{¶ 10} The rationale for our conclusion in Adams was that the order denying permanent custody of the child to the children-serviees agency did not determine the action or prevent a judgment under R.C. 2505.02(B)(1). Adams at ¶ 36-37. Rather, the parties were subject to further court orders because the temporary-custody order remained in place and the status quo was thus maintained. Id. at ¶ 36. Moreover, the children-serviees agency was not foreclosed from seeking a different dispositional order, such as returning the child to a parent, placing the child in the legal custody of a relative, or renewing a request for permanent custody. Id. at ¶ 37.
{¶ 11} We also concluded in Adams that a children-serviees agency does not have a substantial right in the permanent custody of a child based on the fact that the agency has temporary custody of the child. Id. at ¶ 42. See R.C. 2505.02(B)(2). In contrast, a parent does have a substantial right in the custody of his or her child. Id. at ¶ 43. This substantial right was a basis of the holdings of In re Murray (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, and In re H.F., 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607. In Murray, this court held that “[a]n adjudication by a juvenile court that a child is ‘neglected’ or ‘dependent’ as defined in R.C. Chapter 2151 followed by a disposition awarding temporary *234 custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a ‘final order’ within the meaning of R.C. 2505.02 and is appealable to the courts of appeals pursuant to R.C. 2501.02.”[1] Murray, syllabus. However, the principles supporting this conclusion were that parents who are suitable persons have a permanent right to the custody of their minor children, id. at 157, and that parents of children who have been adjudicated neglected or dependent, and who have been deprived of the custody of their children, have a right to immediate appellate review “to determine if such deprivation meets the requirements justifying such deprivation,” id. at 159. This holding was applied in In re H.F., 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 9, in which this court determined that an order adjudicating a child abused, neglected, and dependent, and awarding temporary custody of the child to a children-services agency, was a final order pursuant to R.C. 2505.02, that had to be appealed by the child’s parent within 30 days of the order.
{¶ 12} The underlying principles decided in Adams, Murray, and H.F. guide our analysis in this case. We have previously held that custody hearings are special proceedings. R.C. 2505.02(B)(2); Adams, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 43. And in this custody hearing, the juvenile court did not simply deny CCDCFS’s motion for permanent custody of the child while continuing the placement of temporary custody with the agency. Rather, the juvenile court terminated CCDCFS’s temporary custody and granted legal custody to the child’s father. The juvenile court’s disposition of legal custody was permanent and ended the existing proceeding with respect to the child. R.C. 2151.42.[2] Thus, the juvenile court’s order determined the action and prevented any further judgment. R.C. 2505.02(B)(1).
{¶ 13} R.C. 2505.02(A)(1) defines “substantial right” as a “right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.” A substantial right is a legal right enforced and protected by law. State ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997), 79 Ohio St.3d 543, 545, 684 N.E.2d 72.
*235 {¶ 14} In this case, when the juvenile court considered CCDCFS’s motion to modify temporary custody to permanent custody, the court was required by statute to consider whether that modification was in the best interests of the child. R.C. 2151.42(A). See also R.C. 2151.414(D) (the best-interest factors a court is to consider at a permanent-custody hearing); In re Cunningham (1979), 59 Ohio St.2d 100, 13 O.O.3d 78, 391 N.E.2d 1034 (the best-interest standard is the primary consideration in permanent-custody eases). In that same proceeding, however, the juvenile court was also required by statute to appoint a guardian ad litem, whose purpose is to protect the interest of the child and “assist a court in its determination of a child’s best interest.” R.C. 2151.281(B); Sup.R. 48(B)(1). In this regard, the guardian’s role is to “perform whatever functions are necessary to protect the best interest of the child, including, but not limited to * * * monitoring the services provided the child by the public children services agency * * * [and filing] any motions and other court papers that are in the best interest of the child.” R.C. 2151.281(1). See also Sup.R. 48(D)(1) (“A guardian ad litem shall represent the best interest of the child for whom the guardian is appointed”); Sup.R. 48(D)(7) (“When a court appoints an attorney to serve as both the guardian ad litem and attorney for a child, the attorney shall advocate for the child’s best interest and the child’s wishes in accord with the Rules of Professional Conduct”). Because of the unique role the guardian ad litem has in a permanent-custody proceeding with respect to ensuring that the best interests of a child are considered before custody modifications are made, the guardian ad litem has a statutory right to ensure that the best interests of the child are enforced and protected in the permanent-custody proceeding. Thus, we also conclude that the juvenile court’s order affects a substantial right.
{¶ 15} Therefore, we hold that when a trial court denies a children-services agency’s motion to modify temporary custody to permanent custody, terminates the placement of temporary custody with the agency, and awards legal custody to a parent, the order is final and appealable under R.C. 2505.02.
{¶ 16} Appellants presented a third proposition of law that purports to raise a question whether a child who is a party in a permanent-custody case is entitled to legal counsel separate from that of the guardian ad litem who is also an attorney. In In re Williams, we held that “a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances.” 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, syllabus. Appellants assert that the juvenile court abused its discretion in failing to appoint separate legal counsel to protect the child’s wishes because of the conflict between the child’s wishes and the father’s interests. We are unable to agree with that assertion.
*236 {¶ 17} In the juvenile court’s 2008 entry appointing the guardian ad litem, there was no statement that the child’s wishes conflicted with the father’s interests. Neither did the guardian discover any conflict suggesting that appointment of independent counsel would be appropriate. Although the guardian ad litem in the trial court was acting only as to the child’s best interest and not additionally in the capacity as the child’s attorney, there is no indication that the guardian did not faithfully discharge his duties or that there was any reasonable basis for the juvenile court to have appointed independent counsel for the child. R.C. 2151.281(B)(1) and (D).[3] Thus, the “certain circumstances” contemplated in Williams for the appointment of independent counsel to represent a child who is the subject of a proceeding to terminate parental rights are not currently presented in this case.
{¶ 18} In our independent review of the record before us, we are also unable to find any motion made to the trial court requesting that independent counsel be appointed for the child, and the trial court never had occasion to rule on this issue. Consequently, in addition to the record’s not supporting the claim that the child required independent counsel in this case, the issue is not properly before this court, and we decline to consider this matter in the first instance. This proposition of law is therefore dismissed as having been improvidently accepted.
{¶ 19} Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded to the appellate court for further proceedings consistent with our decision, in accordance with the expedited appeals provision of App.R. 11.2.
Judgment reversed and cause remanded.
O’Connor, C.J., and Lundberg Stratton, Lanzinger, and McGee Brown, JJ., concur.
O’Donnell, J., concurs in judgment only.
Pfeifer J., dissents.

. When Murray was decided, a slightly different version of R.C. 2505.02 was in effect. Am.Sub. H.B. No. 412, 141 Ohio Laws, Part II, 3563, 3597.

. See also R.C. 2151.353(A)(3)(a) (legal custody is a dispositional option following an initial adjudication of dependency, neglect, or abuse, provided the person to whom legal custody is awarded signs a statement that, among other things, states that “the person understands that legal custody of the child in question is intended to be permanent in nature and that the person will be responsible as the custodian for the child until the child reaches the age of majority”); R.C. 2151.415(A)(3) (a children-services agency that has been awarded temporary custody may request that the child be placed in the legal custody of a relative or other interested individual).

. In March 2009, Sup.R. 48, which addresses guardians ad litem, became effective. In an attempt to provide guidance beyond that provided in R.C. 2151.281 for guardian ad litem situations, this rule clearly and specifically sets forth rules applicable to the appointment and responsibilities of a guardian ad litem. The rule requires that an order of appointment include a “statement regarding whether a person is being appointed as a guardian ad litem only or as a guardian ad litem and attorney for the child.” Sup.R. 48(C)(1)(a). The rule also details the procedures for circumstances where a conflict of interest arises between the child’s best interests and the child’s wishes. Sup.R. 48(D)(1), (7), (8), and (10). Because this rule provides much needed guidance for situations involving guardians ad litem, future concerns with respect to the nature of a guardian’s possible dual role as both guardian and counsel for the child should be alleviated.