Miller, Judge, dissenting.
*248 {¶38} I respectfully dissent from the majority's opinion. While I understand the desire to permit an agency to appeal a permanent-custody decision, In re Adams , 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, disallows this appeal.
{¶39} In Adams , the Ohio Supreme Court addressed whether it had jurisdiction to review a children-services agency's appeal of a judgment denying the agency's motion to modify temporary custody to permanent custody, and continuing temporary custody. The court held that the judgment did not qualify as a final, appealable order under either R.C. 2505.02(B)(1) or (2). Central to its analysis was the court's determination that the agency had not had a substantial right affected by the judgment. After concluding that the order was not final under R.C. 2505.02(B)(1) because it did not determine the action or prevent a judgment, the court held that "[e]qually important to our determination of whether an order is a final, appealable order under R.C. 2505.02(B)(1) and controlling in our discussion of a final, appealable order under R.C. 2505.02(B)(2) is the fact that a children-services agency does not have a substantial right in the permanent custody of children based on the fact that the agency has temporary custody of the children." Adams at ¶ 42. This was because "no constitutional provision, statute, rule of common law, or procedural rule entitles a children-services agency to any inherent right to raise a child to adulthood. In contrast, a parent has a substantial right in custody." Id. at ¶ 43. Thus, Adams stands for the proposition that, even where an agency has temporary custody of a child, the agency does not have a substantial right in the permanent custody of that child.
{¶40} The majority relies, mistakenly in my view, on the statement in Adams that "[o]nce the neglect and dependency action is determined, the agency or the parents can appeal." Id. at ¶ 40. This statement pertains only to whether the decision "determines the action." It is not relevant to the Supreme Court's conclusion that the agency had no substantial right affected. The court went out of its way to say that only parties whose substantial rights are affected by the trial court's final judgment may appeal. Id. at ¶ 46.
{¶41} For us to hold that the trial court's order is "final" under R.C. 2505.02, we would have to find that the trial court's judgment affected a right-that is not the right to permanent custody-that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles HCJFS to protect. Adams bars us from finding that HCJFS had a substantial right affected here. The majority concludes that the order ending its temporary custody impacted a substantial right. While this is a tempting end-run around Adams , it runs counter to the statutory scheme that is designed to enforce strict time limits on the length of temporary-custody orders.
{¶42} The majority also relies on In re L.A. , 2014-Ohio-894, 9 N.E.3d 525 (1st Dist.). In L.A. , we held that HCJFS could appeal a trial court's judgment that denied its motion for permanent custody, but ordered HCJFS to investigate placement options without awarding temporary or permanent custody to a specific person or to HCJFS. Because the court's order left the children in legal limbo, without placement-let alone a safe and secure one-and because the court had ordered HCJFS to investigate suitable placement options, we held that HCJFS had had a substantial right affected by the judgment. We specifically limited our holding to the "unique and specific circumstances" of that case. L.A. at ¶ 7. Those circumstances do not *249 exist here. In a case later that year, we applied Adams to HCJFS's appeal of a judgment denying its motion for permanent custody and dismissed it for lack of a final order. See In re M.H. , 1st Dist. Hamilton Nos. C-130703 and C-130704, 2014-Ohio-1050, 2014 WL 1337585 (J. Fischer).
{¶43} The GAL's role . Finally, HCJFS makes a policy argument, and a compelling one at that. It contends that "[u]nless unequivocally mandated to do so, this court should not diminish a voice for child welfare and safety by denying * * * HCJFS an avenue for legal redress." Based on Adams , we are "unequivocally mandated" to dismiss this appeal for lack of a final, appealable order.
{¶44} However, the state's interest in ensuring the welfare of children by way of appeal is protected via the GAL. By statute, the trial court must appoint a GAL for any child who is the subject of a permanent-custody proceeding. See R.C. 2151.281(B)(1). In In re C.B., 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, the Supreme Court surmised that "[b]ecause of the unique role the guardian ad litem has in a permanent-custody proceeding with respect to ensuring that the best interests of a child are considered * * * the guardian ad litem has a statutory right to ensure that the best interests of the child are enforced and protected in the permanent-custody proceeding." Id. at ¶ 14. The court held that this right was a "substantial right" under R.C. 2505.02(A)(1) and allowed the GAL to appeal the trial court's denial of an agency's motion for permanent custody. Id. at ¶¶ 14-15.
{¶45} The state's interests in ensuring the welfare of a child through the right to appeal an adverse decision is vested in an agent who plays a "unique role" with respect to protecting the best interests of that child. Indeed, in the companion appeals in this case, we decided the GAL's and the children's appeals on their merits.
{¶46} Adams and C.B. appear to strike a balance that the state's right to appeal a permanent-custody decision-the family law equivalent of the death penalty-belongs to the party charged with, above other matters, protecting the best interests of the child. Perhaps this is to insulate the decision to appeal from the agency or attorneys who lost in the trial court and to allow cooler heads to prevail.
{¶47} HCJFS did not have a substantial right affected by the trial court's judgment dismissing its complaint for permanent custody of N.S. and C.S. Therefore, there is no final order as to HCJFS under R.C. 2505.02, and the agency's appeal should be dismissed.