[Cite as *In re D.J.*, 2019-Ohio-1645.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107203**

# IN RE: D.J.
# A Minor Child

[Appeal By E.W., Mother]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 14910420

**BEFORE:** Celebrezze, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** May 2, 2019

**ATTORNEYS FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio 44123

James H. Schulz
55 Public Square, Suite 1700
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Cheryl Rice
Assistant Prosecuting Attorney
3955 Euclid Avenue
Cleveland, Ohio 44115

**ALSO LISTED:**

D.J. (Father)
631 East 126th Street
Cleveland, Ohio 44108

**Guardian ad Litem**

Thomas Kozel
P.O. Box 534
North Olmsted, Ohio 44070

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, E.W. ("appellant"), brings the instant appeal challenging the trial court's judgment continuing her minor child, D.J., in the temporary custody of appellee, Cuyahoga County Department of Children and Family Services ("CCDCFS" or the "agency"). Specifically, appellant argues that the trial court's decision to extend temporary custody was not supported by clear and convincing evidence and against the manifest weight of the evidence, and that the trial court erred in extending temporary custody after the two-year time limit under R.C. 2151.415(D)(4) had expired. After a thorough review of the record and law, this court reverses the trial court's judgment and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶2} The instant appeal pertains to the trial court's custody determination with respect to appellant's child, D.J.[1] Appellant is the child's mother. D.J. was initially removed from appellant's custody on August 14, 2014, pursuant to an ex parte telephonic order.

{¶3} On August 14, 2014, CCDCFS filed a complaint alleging that the child was abused and requesting that the child be placed in the temporary custody of the agency.[2]

---

[1] D.J. was born in April 2010.

[2] CCDCFS filed an amended complaint on August 18, 2014.

On the same day, the trial court held an emergency custody hearing and placed the child in the emergency temporary custody of CCDCFS.

{¶4} On November 20, 2014, the trial court adjudicated the child to be abused. On December 3, 2014, the trial court placed the child in the temporary custody of CCDCFS.

{¶5} On January 28, 2015, CCDCFS filed a motion to terminate temporary custody and to return the child to appellant's custody with an order of protective supervision. The trial court terminated temporary custody, returned the child to appellant's custody, and granted protective supervision of the child to CCDCFS on February 26, 2015.

{¶6} On June 2, 2015, CCDCFS filed a motion to modify the order of protective supervision to temporary custody. The trial court terminated protective supervision, and returned the child to the temporary custody of CCDCFS on July 20, 2015. After the child was returned to the agency's temporary custody, the agency placed the child with the paternal grandmother.

{¶7} A case plan was established for appellant during the custody proceedings. Appellant's case plan included mental health services, domestic violence services, and services for maintaining stable housing. (Tr. Volume II, p. 4-5.) Appellant's case plan also included services for parenting and anger management. *See* CCDCFS's motion for extension of temporary custody, filed on April 20, 2016.

**{¶8}** CCDCFS filed two motions in 2016. First, on April 20, 2016, CCDCFS filed a motion for an extension of temporary custody. On the same day, the child's father, D.J. ("father"), filed a motion for legal custody to the paternal grandmother.

**{¶9}** Before the trial court held a hearing on the agency's motion for an extension of temporary custody, CCDCFS filed a second motion on September 6, 2016, to grant legal custody of the child to appellant with an order of protective supervision.

**{¶10}** On September 15, 2016, a magistrate held a hearing on (1) CCDCFS's motion to terminate temporary custody and return the child to appellant's custody under protective supervision, and (2) father's motion for legal custody to the paternal grandmother.

**{¶11}** Following the September 15, 2016 hearing, the magistrate did not grant either CCDCFS's motion for legal custody to appellant or father's motion for legal custody to the paternal grandmother. Rather, the magistrate issued an order on February 10, 2017, continuing the child in the temporary custody of CCDCFS. Based on this order, the child remained in the custody of the paternal grandmother.

**{¶12}** Appellant filed objections to the magistrate's decision on February 23, 2017. CCDCFS joined appellant in the objections she initially raised. Additionally, on October 18, 2017, the agency filed a motion to reopen the custody hearing in order to introduce newly discovered information that was not known at the time of the September

15, 2016 hearing.[3]    Based on the new information, the agency no longer agreed with its previous request to terminate temporary custody.

{¶13} The trial court overruled appellant's objections to the magistrate's decision on January 22, 2018.   The trial court did not, however, rule on CCDCFS's motion to reopen the hearing.

{¶14} On February 15, 2018, appellant filed an appeal challenging the trial court's judgment.   *In re D.J.*, 8th Dist. Cuyahoga No. 106851.   On March 6, 2018, this court dismissed appellant's appeal, finding that the trial court's judgment overruling appellant's objections did not set forth the rights of the parties, the trial court's decision, or the requisite analysis.[4]

{¶15} Thereafter, on April 18, 2018, the trial court issued a new judgment entry adopting the magistrate's decision and setting forth the parties' rights.   This judgment, however, did not mention or rule on appellant's objections to the magistrate's decision. The trial court's April 18, 2018 judgment entry continued the child in the agency's temporary custody, and acknowledged that the child's custody plan was legal custody to either the parents or the paternal grandmother.

---

[3] In this appeal, CCDCFS asserts that the new information is relevant to the best interest determination of the child.

[4] *See In re Zinni*, 8th Dist. Cuyahoga No. 89599, 2008-Ohio-581.

**{¶16}** On May 18, 2018, appellant filed the instant appeal challenging the trial court's April 18, 2018 judgment. Appellant filed an amended notice of appeal on June 3, 2018. Appellant assigns two errors for our review:

I. The trial court decision was not supported by clear and convincing evidence and was against the manifest weight of the evidence.

II. The trial court erred to the prejudice of the appellant and contrary to the best interests of the minor child in continuing the child in temporary custody, as the two-year time limit under O.R.C. 2151.415(D)(4) had expired.

## II. Law and Analysis

### A. Final Appealable Order

**{¶17}** As an initial matter, we must determine whether the trial court's April 18, 2018 judgment constitutes a final appealable order capable of invoking this court's jurisdiction. This court issued a sua sponte order on October 31, 2018, directing the parties to brief the final appealable order issue, where (1) the order continues temporary custody and contemplates further action, and (2) the order does not address objections that were timely filed.

**{¶18}** Pursuant to this court's order, appellant filed a supplemental brief on November 12, 2018. CCDCFS filed a supplemental brief on November 14, 2018.

**{¶19}** "Appellate courts 'have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record

inferior to the court of appeals within the district[.]'"  *In re J.A.*, 8th Dist. Cuyahoga No. 100913, 2014-Ohio-3423, ¶ 15, quoting Ohio Constitution, Article IV, Section 3(B)(2). If a lower court's order is not final and appealable, this court lacks jurisdiction to review the matter and must dismiss the appeal.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989); *In re S.M.B.*, 8th Dist. Cuyahoga No. 99035, 2013-Ohio-1801, ¶ 4.

{¶20} For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).  *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999).   R.C. 2505.02(B) provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or
>
> upon a summary application in an action after judgment.

A "substantial right" includes "a right that * * * a statute * * * entitles a person to enforce or protect."   R.C. 2505.02(A)(1).

## 1. R.C. 2505.02(B)(1)

{¶21} The trial court's April 18, 2018 order does not satisfy the requirements of R.C. 2505.02(B)(1). The trial court's order denying CCDCFS's motion for legal custody to appellant and extending temporary custody does not determine the action and prevent a judgment. The order does not prevent CCDCFS from renewing its motion nor does the order prevent appellant from filing a motion for legal custody in the future. The trial court's order did not terminate appellant's parental rights. In fact, the trial court's order contemplates future action. Specifically, the trial court acknowledged that "[t]he custody plan for the child is legal custody to parents or paternal grandmother," and "[the] permanency plan for the child is the case plan with a goal of legal custody to a parent or relative."

## 2. R.C. 2505.02(B)(2)

{¶22} A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). The Ohio Supreme Court has recognized that juvenile court proceedings, including custody hearings, are special proceedings. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360, 626 N.E.2d 950 (1994); *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 12. Accordingly, we must determine whether the trial court's order affects a "substantial right" of appellant.

{¶23} In *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, the Ohio Supreme Court held that "[a] trial court order denying the motion of a

children-services agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2505.02(B)(1) or (2)." *Id.* at syllabus. The court explained,

> The denial of an agency's motion to modify temporary custody to permanent custody does not "determine * * * the action," because the continuation of the agency's temporary custody does not determine the outcome of the action for neglect and dependency. Instead, all parties remain subject to further court order during the temporary-custody phase. A juvenile court has several ultimate dispositional options pursuant to R.C. 2151.415(A), and ordering the continuation of temporary custody do not preclude the juvenile court from exercising any of these options.
>
> An order denying a motion to modify temporary custody to permanent custody also does not "prevent * * * a judgment." In an action alleging neglect or dependency, a children-services agency may seek any of the ultimate dispositions with the presentation of appropriate proof. A denial of permanent custody and a continuation of temporary custody do not prevent a children-services agency from seeking any applicable dispositional order, or even renewing a request for permanent custody. A final judgment in a juvenile custody case will be rendered, and a trial court's ruling to deny permanent custody and to continue an agency's temporary custody does not foreclose the rendering of such a judgment.

*Id.* at ¶ 36-37.

**{¶24}** In the instant matter, unlike *Adams*, the appeal was filed by the child's mother rather than a children-services agency. Appellant, as the child's mother, has certain rights and protections that CCDCFS does not.

The United States Supreme Court has stated that the right to raise one's children is an "essential" and "basic civil right." *See Stanley v. Illinois* (1972), 405 U.S. 645, 651; *Meyer v. Nebraska* (1923), 262 U.S. 390, 399. Parents have a "fundamental liberty interest" in the care, custody, and management of the child. *Santosky v. Kramer* (1982), 455 U.S. 745, 753. Further, it has been deemed "cardinal" that the custody, care and nurture of the child reside, first, in the parents. *H.L. v. Matheson* (1981), 450 U.S. 398, 410; *Quilloin v. Walcott* (1978), 434 U.S. 246, 255; *Stanley*, *supra*, at 651; *Prince v. Massachusetts* (1944), 321 U.S. 158, 166.

Similarly, this court has long stated that parents who are suitable persons have a "paramount" right to the custody of their minor children. *In re Perales* (1977), 52 Ohio St.2d 89, 97, 297, 369 N.E.2d 1047, 1051-1052; *Clark v. Bayer* (1877), 32 Ohio St. 299, 310. Numerous reported decisions demonstrate that this principle has become the foundation for child custody cases faced by lower courts. * * * Accordingly, it is manifest that parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a "substantial right" for purposes of applying R.C. 2505.02.

(Citations omitted.) *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990).

**{¶25}** Based on the foregoing analysis, we find that the trial court's April 18, 2018 order satisfies the requirements of R.C. 2505.02(B)(2) because it was made in a special proceeding and affects a substantial right of appellant.

**3. Civ.R. 53**

**{¶26}** Finally, we must consider whether the trial court's April 18, 2018 order is a final appealable order despite the fact that it did not address the timely objections that appellant filed to the magistrate's decision.

**{¶27}** Civ.R. 53(D)(4)(e) provides that "[a] court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment or interim order." This court interpreted this rule to require the court to do more than merely "adopt" a magistrate's decision: separate and apart from the magistrate's decision, the trial court "must grant relief on the issues originally submitted to the court." *Flagstar Bank, FSB v. Moore*, 8th Dist. Cuyahoga No. 91145, 2008-Ohio-6163, ¶ 1. "An order that does nothing more than affirm a magistrate's decision without separately setting forth a judgment on the issues submitted to the court is not a final, appealable order." *In re I.L.J.*, 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, ¶ 20, citing *Zinni,* 8th Dist. Cuyahoga No. 89599, 2008-Ohio-581, at ¶ 19-20, and *In re R.C.*, 8th Dist. Cuyahoga No. 94885, 2010-Ohio-4690, ¶ 2.

**{¶28}** In order to be final under Civ.R. 53(D)(4), a trial court's judgment entry must:

> "1. pursuant to subsection (b), "adopt, reject, or modify" the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,
>
> 2. state the outcome (for example, "defendant's motion for change of custody is denied") and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,
>
> 3. be a document separate from the magistrate's decision."

(Emphasis deleted.) *B.W. v. D.B.-B.*, 193 Ohio App.3d 637, 2011-Ohio-2813, 953 N.E.2d 369, ¶ 10-12 (6th Dist.), quoting *Sabrina J. v. Robbin C.*, 6th Dist. Lucas No. L-00-1374, 2001 Ohio App. LEXIS 320 (Jan. 26, 2001). However, a trial court's order adopting a magistrate's decision that does not address objections to the magistrate's decision that were timely filed is not a final appealable order. *G. Scottco Invest. Co. v. Korleski*, 10th Dist. Franklin No. 10AP-582, 2011-Ohio-6656, _ 8.

{¶29} In this case, the trial court's January 22, 2018 order overruled appellant's objections to the magistrate's decision. The January 22, 2018 order did not, however, determine the action with respect to the issue of custody of the child.

{¶30} Subsequently, on April 18, 2018, the trial court issued an order adopting the magistrate's decision and continuing the child in the temporary custody of CCDCFS. The April 18, 2018 order did not, however, address appellant's timely objections to the magistrate's decision.

{¶31} After reviewing the record, we find that the trial court's orders in this case constitute a final appealable order. Both the January 22, 2018 and April 18, 2018 orders are in the record before this court. These two orders, when combined and read in conjunction with one another, constitute a final appealable order because they (1) overrule appellant's objections to the magistrate's decision, and (2) adopt the magistrate's decision and determine the action with respect to the custody of the child. As noted above, the trial court's judgment was issued in a special proceeding and affects a substantial right of appellant.

**{¶32}** For all of the foregoing reasons, we find that the trial court's judgment is a final, appealable order capable of invoking our jurisdiction. We now turn to the merits of the appeal and the two assignments of error raised by appellant. For ease of discussion, we will address appellant's second assignment of error first because it is dispositive of this appeal.

## B.   R.C. 2151.415(D)(4)

**{¶33}** In her second assignment of error, appellant argues that the trial court erred by extending the existing order of temporary custody because the two-year limitation set forth in R.C. 2151.415(D)(4) had expired.

**{¶34}** R.C. 2151.415(D)(4), governing extensions of temporary custody, provides,

No court shall grant an agency more than two extensions of temporary custody pursuant to division (D) of this section and the court *shall not order an existing temporary custody order to continue beyond two years* after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier, regardless of whether any extensions have been previously ordered pursuant to division (D) of this section.

(Emphasis added.)

**{¶35}** In this case, CCDCFS filed its complaint on August 15, 2014, and the child was placed in the emergency temporary custody of the agency on the same day. Therefore, pursuant to R.C. 2151.415(D)(4), the trial court lacked authority to extend temporary custody beyond August 15, 2016.

{¶36} At the time the magistrate conducted the September 15, 2016 hearing, the two-year statutory time limit for extending temporary custody under R.C. 2151.415(D)(4) had expired. In its February 10, 2017 judgment entry, however, the magistrate ordered an extension of temporary custody. On April 18, 2018, the trial court adopted the magistrate's decision and continued the child in the temporary custody of CCDCFS.

{¶37} Although CCDCFS disputes *when* the two-year statutory time limit set forth in R.C. 2151.415(D)(4) expired,[5] the agency concedes that the two-year time limit has, in fact, expired. Furthermore, CCDCFS joins appellant in arguing that the trial court's April 18, 2018 judgment continuing the child in the temporary custody of CCDCFS should be reversed. CCDCFS argues that the trial court's judgment should be reversed and the matter be remanded to the trial court for a new custody hearing and best interest determination.

{¶38} After reviewing the record, we find that a new custody hearing and best interest determination are particularly warranted based on the unusual and lengthy procedural history of the case. As noted above, this case originated in August 2014 when the agency filed its complaint. Thereafter, the child was placed in the agency's temporary custody in December 2014; a hearing was held on September 15, 2016; the magistrate's order extending temporary custody was issued on February 10, 2017; the trial

_____

[5] CCDCFS asserted in its appellate brief that the two-year time limit expired on June 2, 2017, two years after the agency filed its motion to modify protective supervision to temporary custody with the agency on June 2, 2015. On the other hand, appellant argued in her appellate brief that the two-year time limit had expired at the time of the September 15, 2016 hearing.

court's judgment entry adopting the magistrate's decision and setting forth the parties' rights was issued on April 18, 2018; appellant filed an appeal challenging the trial court's extension of temporary custody on May 10, 2018; and the oral argument before this court was held on April 9, 2019. It has been approximately one year since the trial court's April 2018 best interest determination and extension of temporary custody. Based on the totality of the circumstances in this case, and the prolonged nature of the custody proceedings, a new hearing and determination of the child's best interest is warranted.

{¶39} The record reflects that new information that is relevant to the child's best interest has become available since the September 15, 2016 hearing. As noted above, the agency filed a motion to reopen the custody hearing on October 18, 2017. During oral arguments, the parties informed this court that the paternal grandmother, with whom the child was placed after the agency obtained temporary custody, had become ill and, as a result, the child is no longer living with her. CCDCFS still has temporary custody of the child and the child is currently living with another relative.

{¶40} Based on the foregoing analysis, we find that at the time of the September 15, 2016 custody hearing, the trial court did not have the authority to order the child to remain in the temporary custody of CCDCFS. The trial court abused its discretion by ordering an extension of the existing temporary custody order. Appellant's second assignment of error is sustained.

{¶41} The trial court's judgment continuing the child in the temporary custody of CCDCFS is reversed, and the matter is remanded for further proceedings. On remand,

the trial court is instructed to determine a placement for the child that is appropriate and in the child's best interest.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR