[Cite as *In re M.B.*, 2020-Ohio-550.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re:  M.B. et al., | : | No. 19AP-460 |
| | | (C.P.C. No. 16JU-5015) |
| (J.B., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |
| In re:  B.B. et al., | : | No. 19AP-461 |
| | | (C.P.C. No. 16JU-5014) |
| (J.B., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |
| In re:  B.B. et al., | : | No. 19AP-465 |
| | | (C.P.C. No. 16JU-5014) |
| (H.B., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |
| In re:  B.B. et al., | : | No. 19AP-466 |
| | | (C.P.C. No. 16JU-5014) |
| (Minor Children, | : | |
| | | (REGULAR CALENDAR) |
| Appellants). | : | |
| In re:  M.B. et al., | : | No. 19AP-467 |
| | | (C.P.C. No. 16JU-5015) |
| (H.B., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |
| In re:  M.B. et al., | : | No. 19AP-468 |
| | | (C.P.C. No. 16JU-5015) |
| (Minor Child — M.B., | : | |
| | | (REGULAR CALENDAR) |
| Appellant). | : | |

D E C I S I O N

Rendered on February 18, 2020

**On brief:** *Carrie D. Wolfe*, and *Robert J. McClaren*, for appellee Franklin County Children Services. **Argued:** *Robert J. McClaren*.

**On brief:** *John T. Ryerson*, for appellant J.B.

**On brief:** *William T. Cramer*, for appellant H.B. **Argued:** *William T. Cramer*.

**On brief:** *David K. Greer*, for children-appellants. **Argued:** *David K. Greer*.

_____

APPEALS from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

KLATT, J.

{¶ 1}    Appellants, H.B. ("Mother"), J.B. ("Father"), B.B., T.B., A.B., C.B., M.B., J.W.B., and D.B. (collectively "children"), appeal judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, that denied Mother's motions to dismiss the dependency actions involving her children and to return custody of the children to her.  Because we lack jurisdiction to hear these appeals, we dismiss them.

{¶ 2}    On April 20, 2016, appellee, Franklin County Children Services ("FCCS"), filed two complaints with the trial court alleging the children were dependent.  One complaint concerned the older four siblings (B.B., T.B., A.B., and C.B.), and other complaint concerned the three younger siblings (M.B., J.W.B., and D.B.).  The complaints alleged that the school-aged children were often absent from school, the family was struggling to maintain housing, and Father had tested positive for illegal drugs.

{¶ 3}    At a preliminary hearing held on April 27, 2016, a magistrate initially granted FCCS temporary orders of custody for the children.  In judgments effective June 14, 2016, the trial court adjudicated the children dependent children, and it committed the children to FCCS' temporary custody pursuant to R.C. 2151.353(A)(2).  In judgments effective April 27, 2017, the trial court granted FCCS' motions to extend the agency's temporary custody of the children for an additional six months.

{¶ 4}    FCCS moved for permanent custody of the children on September 19, 2017. In judgments dated April 1, 2019, the trial court denied the agency's motions.

{¶ 5}   Having rejected granting FCCS permanent custody, the trial court immediately turned its attention to exploring whether it was in the children's best interests to return the children to Mother's custody.  In the judgments denying the motion for permanent custody, the trial court set a hearing for May 6, 2019 to "review [the] orders as to custody, and [ ] consider protective supervision, Father's visitation rights, and Father's obligation to pay child support to Mother."  (Apr. 1, 2019 Jgmt. Entries Den. Permanent Custody[1] at 16.)  The trial court ordered Mother to:

> make arrangements to resume a parenting program, make arrangements for family counseling between the Children and herself, and * * * be prepared to present evidence of an executed lease for and the furnishing of housing for the Children and herself and a budget based on a realistic estimation of the expenses of her family and available financial resources.

*Id.*  In the meantime, the trial court provided that FCCS would "retain temporary custody * * * of the Children herein until further order of the Court." *Id.*

{¶ 6}   The May 6, 2019 hearing occurred as scheduled.  Apparently, the trial court was unsatisfied with Mother's compliance with its April 1, 2019 orders because it did not alter the existing custody arrangement after the hearing.  Instead, in the May 6, 2019 orders that resulted from the hearing, the trial court imposed even more requirements on Mother: she was to perform drug screens; bar overnight visitors, Father, Father's brother, and her sister-in-law from her home; and bring a budget and detailed childcare plan to the next hearing.

{¶ 7}   On May 30, 2019, FCCS again moved for permanent custody of the children. FCCS represented in its motions that Mother had not complied with the trial court's April 1, 2019 and May 6, 2019 orders.  Both Father and the children filed memoranda in opposition to the second motion for permanent custody.

{¶ 8}   On June 14, 2019, Mother filed in both cases a "Reply to Post-Permanent Custody Denial Motions and Memorandums."  In her filings, Mother questioned whether the trial court had the jurisdiction necessary to extend FCCS' temporary custody of the

---

[1] As the trial court recognized in judgment entries dated May 6, 2019, it incorrectly titled the April 1, 2019 judgments "Judgment Entry Granting Permanent Custody."  The proper titles are "Judgment Entry Denying Permanent Custody."

children.  Mother requested that the trial court immediately terminate the dependency actions and return custody of the children to her.

{¶ 9}   At a hearing held June 18, 2019, Mother's counsel raised this point, stating, "I don't think the Court has the jurisdiction to keep the children in the temporary custody of the Agency, at this point, and I think that this case should be closed altogether."  (Tr. at 8.)  Further argument revealed that counsel attributed the trial court's lack of jurisdiction to the court's violation of R.C. 2151.415(D)(4), which provides, "the court shall not order an existing temporary custody order to continue beyond two years after the date on which the complaint was filed or the child was first placed into shelter care, whichever date is earlier * * *."  FCCS filed complaints regarding the children on April 20, 2016, so the trial court exceeded the two-year mark when it maintained the existing temporary custody orders in the April 1, 2019 judgments.  Mother's counsel argued that, given that the trial court had no jurisdictional authority to prolong FCCS' temporary custody, the court had to terminate the dependency actions and grant Mother custody of the children.

{¶ 10} In judgment entries dated June 20, 2019, the trial court denied what it characterized as Mother's "oral motion" to "return the children to mother's custody."  On July 29, 2019, the trial court amended the judgment entries to correct the name of the FCCS attorney who attended the hearing.

{¶ 11}  As we stated above, Mother, Father, and the children all appeal the denial of Mother's motions to dismiss the dependency actions and return custody of the children to her.  As an initial matter, we must consider FCCS' motion to dismiss these appeals for lack of a final, appealable order.

{¶ 12}  Article IV, Section 3(B)(2) of the Ohio Constitution establishes that courts of appeals "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."  If the appealed judgment does not constitute a final, appealable order, an appellate court lacks jurisdiction to review it.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶ 14.  Consequently, in the absence of a final, appealable order, an appellate court must dismiss the appeal.  *Browder v. Shea*, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.

{¶ 13} To qualify as a final, appealable order, an order must satisfy the requirements of R.C. 2505.02. *IBEW, Local Union No. 8 v. Vaughn Indus., L.L.C.*, 116 Ohio St.3d 335, 2007-Ohio-6439, ¶ 7. Here, appellants argue that the orders at issue are final, appealable orders under R.C. 2505.02(B)(2).

{¶ 14} Pursuant to R.C. 2505.02(B)(2), an order is final and appealable if it is "[a]n order that affects a substantial right made in a special proceeding * * *." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Parental custody of a child comes within the purview of a "substantial right" for purposes of applying R.C. 2505.02(B)(2). *In re Murray*, 52 Ohio St.3d 155, 157 (1990); *accord In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, ¶ 11 ("[A] parent does have a substantial right in the custody of his or her child."). A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Actions in juvenile court brought via statute to temporarily or permanently terminate parental rights are special proceedings, as such actions were not known at common law. *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43; *In re K.L.*, 10th Dist. No. 18AP-150, 2018-Ohio-3139, ¶ 9.

{¶ 15} Appellants' analysis goes no further than this point. R.C. 2505.02(B)(2), however, requires an additional element: the order must *affect* the substantial right. An order affects a substantial right only if it is one that, "if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). In other words, a substantial right is affected if an immediate appeal is necessary to protect the interests of the appealing party. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 23. For an order to meet this standard, an appellant

> must, as a threshold matter, establish that the right may not be vindicated on appeal after final judgment. "A substantial right is not affected merely because an order has the immediate effect of restricting or limiting that right. Rather, a substantial right is affected when there is virtually no opportunity for an appellate court to provide relief on appeal after final judgment from an order that allegedly prejudiced a legally protected right."

*Galloway v. Galloway*, 10th Dist. No. 98AP-1007 (May 20, 1999), quoting *State v. Chalender*, 99 Ohio App.3d 4, 7 (2d Dist.1994). Notably, "[a] substantial right is not affected merely because the parties must wait until the final disposition to seek review of interlocutory issues in a dependency and neglect case." *In re T.P.*, 9th Dist. No. 27539, 2015-Ohio-3448, ¶ 12.

{¶ 16} Here, Mother has not demonstrated that the trial court's judgments affected her substantial right to the custody of her children. The trial court has yet to enter any final disposition regarding the children. Once the trial court does, Mother may appeal if that disposition is contrary to her interests. In that appeal, she may raise as error the trial court's denial her motions to dismiss and return of custody to her based on the trial court's alleged violation of R.C. 2151.415(D)(4). If Mother prevails in her argument, her right to custody will be vindicated. Consequently, immediate appeals are not necessary to protect Mother's interests. The absence of review now will not foreclose effective relief in the future.

{¶ 17} Appellants contend that Mother could have no remedy because the trial court could repeatedly extend temporary custody, without making any final disposition. The record, however, contains no indication that the trial court will go down this path. To the contrary, since the trial court rejected FCCS' first motion for permanent custody, it has proactively pursued a final disposition for these children. A second permanent custody hearing is currently scheduled for later this month.

{¶ 18} Appellants also urge this court to follow *In re D.J.*, 8th Dist. No. 107203, 2019-Ohio-1645. That case is not relevant because it involved an appeal of a different type of order. In *In re D.J.*, a mother appealed from an order that continued a children services agency's temporary custody of the child. In the instant actions, the trial court denied motions to terminate the dependency actions and return custody of the children to Mother.

{¶ 19} Under R.C. 2505.02(B)(2), whether an order is final and appealable depends on the characteristics of the order; namely, whether it is the kind of order that affects a substantial right. In short, the nature of the order matters to the R.C. 2505.02(B)(2) analysis. Because the order at issue in *In re D.J.* is not the same as the orders at issue in this appeal, *In re D.J.* does not support appellants' assertion that they appealed final, appealable orders.

{¶ 20} For the foregoing reasons, we conclude that appellants have not appealed final, appealable orders, and thus, we grant FCCS' motion and dismiss these appeals for lack of jurisdiction.

*Motion granted; appeals dismissed.*

SADLER, P.J., and BEATTY BLUNT, J., concur.

———————