[Cite as *In re K.E.*, 2020-Ohio-4572.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTERS OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| K.E. AND D.E.II | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| NEGLECTED/DEPENDENT CHILDREN | : | |
| | : | |
| | : | Case Nos. 2020 AP 02 0004 |
| | : | 2020 AP 02 0006 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, Juvenile Court Division, Case No. 18 JN 00377

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 23, 2020

APPEARANCES:

For Plaintiff-Appellee

JEFF M. KIGGANS
Tuscarawas County Job and Family Services
389 16th Street, SW
New Philadelphia, Ohio 44663


GERRIT DENHEIJER
Guardian ad Litem
222 W. Main Street
Ravenna, Ohio 44266

For Defendant-Appellant Mother

DAN GUINN
P. O. Box 804
New Philadelphia, Ohio 44663

*Baldwin, J.*

{¶1}   Appellant, Karlea E., mother of D.E., II and K.E., minor children, appeals the decision of the Tuscarawas Court of Common Pleas, Juvenile Division granting permanent custody to the Tuscarawas County Department of Job and Family Services. Appellee is the Tuscarawas County Department of Job and Family Services.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Prior to the commencement of a hearing on a motion for permanent custody, Karlea E., through her counsel, stated that she "understands she's not in a situation right now where the children can be placed back with her" and she asked that the court consider "grandma" as a placement. After a hearing, the trial court granted appellee's motion for permanent custody and determined placement with Teresa Green, presumably "grandma," was not in the children's best interest.  Appellant now claims the trial court failed to engage in a colloquy with her regarding the impact of her statement and that her trial counsel was ineffective for not demanding that the court insure that she understood the consequences of her position and for not presenting her testimony.

{¶3}   Appellee filed a complaint on December 5, 2018 in this matter contending the two minor children were dependent as a result of their parent's use of illegal drugs and the living circumstances of the family.  The guardian ad litem filed a lengthy and comprehensive report, recommending that the children remain in foster care and that the parents complete a case plan to resolve the problems that led to the removal of the children from the home, with a focus on their drug addiction.  The children were placed in the temporary custody of appellee and the parents were provided a reunification plan.

{¶4}    The father of the children had little subsequent contact with the caseworker and ended his participation.  He tested positive for illegal drugs on January 29, 2019 and he did nothing to demonstrate that he had resolved his addiction. In her final report to the court, the guardian ad litem concluded that "Drew has done nothing on his Case Plan and has not cooperated with the agency in any way, after admitting to his relapse on Meth in January, 2019."

{¶5}    Karlea, the mother, worked toward the return of the children but refused to break contact with the father, even after she was warned that continued contact with the father would jeopardize her future with the children, given his failure to address his drug addiction.  Karlea insisted that she has had no further contact with the father, but the testimony at the hearing on the permanent custody motion contradicted her statements as she had been seen with Drew.

{¶6}    The guardian ad litem noted that the mother had worked on her case plan, but had serious concerns regarding the mother's continued contact with the father and illicit drugs:

> Karlea insists she and Drew are not together, yet we have police reports in February, March, and April, 2019, when Drew was at her home; 2 of those reports involve other individuals being at the Evans home who overdosed; one of those reports indicate both Drew and Karlea gave the person CPR and Narcan. Thus not only do we have evidence that Drew is in the house, but, by their own admission, they keep Narcan in the house, thus there is obviously still drug use in the home.

**{¶7}** Karlea has reported to the Income Maintenance Department of TJFS that she is pregnant, but has denied that she is pregnant when questioned by the Children's Services caseworker, strongly suggesting that she is lying to one department at TJFS. Finally, the guardian noted that she was unemployed as of the date of her report and unable to provide for herself or her children.

**{¶8}** On October 30, 2019, appellee requested permanent custody of the children after the parents failed to complete the terms of the reunification plan. The trial court scheduled a hearing for January 9, 2020 for the motion to modify disposition to permanent custody. On November 26, 2019, the paternal grandmother, Teresa Green, filed a motion to intervene which was denied during an Annual Review hearing on December 3, 2019.

**{¶9}** The trial court conducted the hearing on January 9, 2020 as scheduled with the mother and grandmother in attendance with counsel. The father did not attend the hearing. Despite the fact that grandmother's motion to intervene in the matter had been denied, the trial court permitted her to testify in support of her request that the children be placed with her.

**{¶10}** At the opening of the hearing, counsel for mother stated that his client was "not in a situation right now where the children can be placed back with her" and was "willing to stipulate to the motion for permanent custody, that the children cannot be placed with her at this time" and she asked the court to "to consider grandma as a placement" referring to the paternal grandmother.

**{¶11}** The caseworker testified on behalf of the state and the grandmother testified in support of her request that she receive custody of the children. The trial court took the

matter under advisement and issued an order granting the motion for permanent custody, holding that "the Court finds that [K.E.] and [D.E.] II cannot and should not be placed with either parent within a reasonable time. This evidence supports a finding that despite diligent, reasonable efforts and planning by the Tuscarawas County Job and Family Services to remedy the problems which caused removal of the children, said parents have failed continually and repeatedly to substantially remedy the conditions causing removal." The Court also found that "Said parents have demonstrated a lack of commitment toward their children and have failed to provide an adequate home for the children at this time and cannot do so within a year of this litigation."

{¶12} Appellant, Karlea E. filed a notice of appeal and has submitted two assignments of error:

{¶13} "I. THE COURT ERRED IN FINDING THAT APPELLANT STIPULATED TO THE TERMINATION OF HER PARENTAL RIGHTS WITHOUT MAKING INQUIRY."

{¶14} "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

{¶15} In her first assignment of error, Karlea contends the court erred by failing to engage her in a colloquy to confirm that she knowingly, intelligently and voluntarily stipulated to permanent custody to the agency. We have reviewed the record and concluded that Karlea did not stipulate to termination of her parental rights, or agree that the appellee's assumption of permanent custody was in the best interest of the children. She agreed that she was not "in a situation right now where the children can be placed back with her" and that trial court consider "consider grandma as a placement," leaving the trial court to determine whether termination of her parental rights was warranted and

what disposition would be in the best interest of the children. In the context of this case, the trial court had no obligation to engage in a review of Karlea's rights.

{¶16} Juvenile Rule 29 does provide express requirements for review of a party's rights prior to accepting a waiver of those rights at an adjudicatory hearing. The adjudicatory hearing in the case below occurred in December 2018 and the matter presently before this court is the result of a dispositional hearing conducted in January 2020, so the requirements of Juvenile Rule 29 are inapplicable. At this stage the trial court is guided by Juv.R. 34 and R.C. 2151.414 to consider all relevant and material evidence, including, but not limited to, hearsay, opinion, and documentary evidence to determine whether permanent custody is in the best interest of the children. The latter Rule does not contain the same language as Juv.R. 29 regarding a review of rights prior to acceptance of a plea and we are not inclined to add such a requirement.

{¶17} This court and others have required that the court engage a parent in a discussion of rights when a parent surrenders a child, but the parents in those cases offered a comprehensive admission surrendering their children, agreeing that all of the requirements of the Revised Code had been fulfilled for the grant of permanent custody and that it was in the best interest of the children to be placed in the permanent custody of the state. *In re Foresha/Kinkel Children,* 5th Dist. Stark No. 2003CA00364, 2004-Ohio-578, ¶ 5; *In re B.Y.,* 9th Dist. Wayne No. 16AP0071, 2017-Ohio-833, ¶¶ 13-14; *In the matter of Isreal Y.,* 6th Dist. Lucas No. L-07-1030, 2007-Ohio-3685, ¶ 7.  No such stipulation exists in this case.  Karlea agreed only that she is unable to accept custody at the time of the hearing and, rather than agreeing to permanent custody or that permanent custody was in the children's best interest, she requested that Teresa Green, the

children's' paternal grandmother, be granted custody. After she offered this limited stipulation, the trial court proceeded with the dispositional hearing.

{¶18} "Because the proceedings in question did not concern adjudicatory but, rather, dispositional matters, Juv.R. 29 does not apply. *In re C.M.* at ¶ 36 ("Accordingly, because a hearing to modify temporary custody to permanent custody is a dispositional hearing, Juv.R. 29 is inapposite.")." *In re A.J.,* 10th Dist. Franklin No. 14AP-284, 2014-Ohio-5046, ¶ 26. "Juv.R. 34, pertaining to dispositional hearings, does not require the court to engage in a colloquy with a parent in an R.C. 2151.414 proceeding, which this proceeding was, such as that required by Juv.R 29 at adjudicatory hearings." *In re Lakes*, 2nd Dist. No. 19028, 149 Ohio App.3d 128, 2002-Ohio-3917, 776 N.E.2d 510, ¶ 34.

{¶19} We find that the trial court did not err by not engaging in a review of Karlea's rights after she offered a limited stipulation as the Revised Code, the Juvenile Rules and the relevant precedent do not require such a colloquy in the context of this case.

{¶20} Appellant's first assignment of error is overruled.

### INEFFECTIVE ASSISTANCE

{¶21} Appellant argues she was denied effective assistance of counsel because her trial attorney did not insist that she be questioned by the trial court to insure that she understood "the rights she was giving up and the potential for what could occur" and because trial counsel did not present her testimony in support of her request that the children be placed with Teresa Green.

{¶22} With regard to the alleged obligation of trial counsel to insist that the trial court engage in a colloquy with Karlea, we held in the disposition of the first assignment

of error that no such review is required. "Counsel was, therefore, not derelict in not asking the magistrate to engage [Karlea] in such a colloquy." *In re Lakes, supra*, at ¶ 34

**{¶23}** With regard to the alleged failure to present testimony, Appellant has the burden of proof to establish ineffective assistance of counsel "because in Ohio, a properly licensed attorney is presumed competent." (Citations omitted.) *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62 (2006). Judicial scrutiny of counsel's performance must be highly deferential. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant is not deprived of effective assistance of counsel when counsel chooses, for strategic reasons, not to pursue every possible trial tactic. *State v. Brown* (1988), 38 Ohio St.3d 305, 319, 528 N.E.2d 523, 539, certiorari denied (1989), 489 U.S. 1040, 109 S.Ct. 1177, 103 L.Ed.2d 239.

**{¶24}** In *State v. Davis,* 2020-Ohio-309 (Ohio), ¶10 the Supreme Court of Ohio reaffirmed the appellant's burden for establishing that she suffered from ineffective assistance of counsel:

> In order to prevail on an ineffective-assistance-of-counsel claim, a defendant must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance. *Bradley,* 42 Ohio St.3d at 141-142, 538 N.E.2d 373; *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result

of the proceeding would have been different. See *Bradley* at paragraphs two and three of the syllabus. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* at 142, 538 N.E.2d 373, quoting *Strickland* at 694, 104 S.Ct. 2052.

**{¶25}** Counsel's decision not to present Karlea's testimony is a matter within the purview of trial tactics that is not subject to review in this context. *State v. Coulter*, 75 Ohio App.3d 219, 230, 598 N.E.2d 1324, 1331 (12th Dist.1992).　Finally, even if any of these matters could be considered ineffective assistance, appellant has failed to provide persuasive evidence that there exists a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

**{¶26}** Appellant's second assignment of error is denied.

**{¶27}** The decision of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.