[Cite as *In re Z.M.*, 2023-Ohio-1815.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE Z.M. | : | |
| | | No. 111918 |
| A Minor Child | : | |
| | | |
| [Appeal by L.M. Mother] | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 1, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD-20-904354

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee.*

Michael E. Stinn, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant-mother ("Mother"), L.M., appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), that granted legal custody of her son Z.M. to a family member. For the reasons set forth below, we affirm the award of legal custody.

**Procedural and Factual History**

{¶ 2} On April 27, 2020, the Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") filed a complaint in the juvenile court alleging that Z.M. (d.o.b. 9/10/2017) was a neglected child pursuant to R.C. 2151.03(A)(2) and requesting temporary custody to the agency. The agency also filed a motion requesting predispositional temporary custody of Z.M.

{¶ 3} In the complaint, the agency alleged that on April 23, 2020, Mother was observed to be under the influence of drugs while caring for the child. Mother and child were transported to the hospital but left against medical advice prior to being treated. The agency also alleged that Mother suffered from a substance abuse disorder. Although Mother had previously participated in treatment, she was discharged for continued abuse of drugs. Finally, the agency alleged Mother lacked stable housing and that she and Father [1] engaged in acts of domestic violence.

{¶ 4} The motion for predispositional temporary custody to the agency was granted on April 27, 2020. Z.M. was placed with K.V., Mother's cousin.

{¶ 5} The adjudication hearing was held on August 10, 2020. At that time, Mother and Father admitted to an amended complaint finding Z.M. a dependent child. Z.M. was committed to the temporary custody of the agency, but remained in the physical custody of K.V. Michael Murphy, the guardian ad litem ("GAL"), filed a report on August 3, 2020. He reported that Z.M. was doing well in the family

---

[1] Father is not a participant in this appeal.

placement. Mother was visiting regularly "mostly." At that time, Mother was in treatment for substance abuse, but her treatment was affected by the coronavirus pandemic. He also noted that Mother had tested positive for cocaine in April 2020. As of the August hearing date, she had obtained approximately four months of sobriety. The GAL recommended temporary custody to the agency.

{¶ 6} Mother's case plan required her, in relevant part, to be assessed for alcohol, drug, mental health, and domestic violence issues, and to follow all recommendations from those assessments. Also, Mother was to obtain and maintain a source of income and stable housing.

{¶ 7} On April 22, 2021, temporary custody to the agency was extended. Although the court found that Mother had made significant progress on the case plan, temporary custody remained in the best interest of the child. The court projected Z.M. could be returned home by October 27, 2021.

{¶ 8} However, Mother began to relapse. Mother was charged with operating a vehicle under the influence ("OVI") twice in 2021, once in April and again in July. In the July incident, Mother broke an ankle and totaled her car. Additionally, Mother's drug tests showed increasing marijuana levels. Mother established that she had a medical marijuana card and alleged she had obtained the drug legally.

{¶ 9} On September 13, 2021, the agency filed a motion to modify temporary custody to legal custody to K.V. In its motion, the agency noted that while Mother had engaged in substance abuse and mental health treatment, as well as

obtained housing, she had failed to maintain sobriety. K.V. signed a statement of understanding for legal custody pursuant to R.C. 2151.353(A) and 2151.42, which the agency attached to its motion.

{¶ 10} The GAL filed his report on September 27, 2021. The report noted that Mother visited with Z.M. regularly via video. Also, Mother obtained eight months of sobriety by April 2021. However, Mother stopped visiting in July 2021, after she received the second OVI. The GAL recommended that Z.M. be placed in the legal custody of K.V. He noted that Z.M. needed a drug-free environment. Although Mother had completed inpatient treatment and was attending aftercare, she relapsed. He felt placement with K.V. was in Z.M.'s best interest because he had been in her care for a year and Mother had not successfully addressed her substance abuse issues.

{¶ 11} A hearing on the motion for legal custody was held on October 4, 2021. At that time, the court noted again that there had been significant progress on the case plan. The court denied the agency's motion for legal custody and extended temporary custody to April 27, 2022. The juvenile court judge approved the magistrate's decision on October 25, 2021.

{¶ 12} On March 1, 2022, the agency filed a motion to terminate temporary custody to the agency and return Z.M. to Mother's custody with an order of protective supervision. The agency alleged that Mother had actively engaged in a dual diagnosis program for mental health and substance abuse, had obtained housing, and maintained regular unsupervised visits with the child. The GAL's

March 31, 2022 report also recommended returning Z.M. to Mother with protective supervision.

{¶ 13} On May 2, 2022, the agency filed a motion to modify temporary custody to legal custody to K.V. The agency alleged that Mother had completed case plan services but had not maintained her sobriety. The GAL's report, also filed on May 2, 2022, noted that Mother's two OVI cases had been resolved. In both cases, Mother pleaded guilty to an amended charge of physical control, and she was placed on community control on each. However, it was reported that in April 2022 Mother had a positive drug test. Based on Mother's history of relapse, the GAL recommended that Z.M. be placed into the legal custody of K.V.

{¶ 14} On July 5, 2022, the juvenile court held a hearing on the agency's second motion for legal custody to K.V. The juvenile court magistrate's journal entry noted that Mother, K.V., and Ashley Brown, a social worker, were present. Father was not present. Attorneys for the parties were also present. The magistrate granted the agency's motion for legal custody to K.V. "by agreement of the parties." (7/5/2022 Journal Entry, docket 223).

{¶ 15} Mother did not file objections to the decision of the magistrate. The juvenile court approved the magistrate's decision on July 22, 2022. The juvenile court's journal entry also noted that the decision was made by agreement of the parties. Mother appeals assigning the following error for our review.

## Assignment of Error

The trial court failed to comply with Rule 29(D) of the Ohio Rules of Juvenile Procedure. Therefore, the order granting legal custody to K.V. should be reversed.

{¶ 16} Mother alleges that the trial court erred when it failed to strictly comply with Juv.R. 29(D), which applies to an adjudicatory hearing, when it accepted her agreement to legal custody. However, we note at the outset, that the hearing Mother complains of was a dispositional hearing. The juvenile code codified in R.C. Chapter 2151 does not specifically define the term "dispositional hearing." A review of the statutes makes clear, however, that once a child is adjudicated abused, neglected, or dependent, the juvenile court is to proceed to a dispositional hearing to determine the proper "disposition" or in this context placement of the child. R.C. 2151.35(A)(1); 2151.353(A)(1) through (6). The July hearing Mother takes issue with occurred after Z.M. had been adjudicated dependent and was held to determine the final disposition of Z.M.; hence, it was a dispositional hearing.

{¶ 17} The state contends that Juv.R. 29(D) only applies to the adjudicatory hearing and therefore was inapplicable to the July 5, 2020 hearing. In her reply brief, Mother concedes that the state might be correct, however, raises for the first time in her reply brief that her agreement to legal custody was not knowingly, voluntarily, and intelligently made. However, the purpose of a reply brief is solely to rebut arguments raised in the appellee's brief and may not be used to raise new issues or assignments of error not raised in the primary brief. *Cleveland v. Dancy*, 8th Dist. Cuyahoga No. 107241, 2019-Ohio-2433, ¶ 36, citing *Young v. Kaufman*,

2017-Ohio-9015, 101 N.E.3d 655, ¶ 44 (8th Dist.). Accordingly, we will only focus on the argument Mother presented in her original brief.

{¶ 18} Preliminarily, this court must resolve Mother's misapplication of Juv.R. 29(D). This rule governs the procedure for accepting an admission during an adjudicatory hearing and provides, in pertinent part:

> (D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
>
> * * *

{¶ 19} It is helpful to look at Juv.R. 29(C) in conjunction with Juv.R. 29(D). Briefly, that rule requires the court at an adjudicatory hearing to "request each party against whom allegations are being made in the complaint to admit or deny the allegations." We conclude, therefore, that the admission being referred to in Juv.R. 29(D) is an admission to allegations in the complaint.

{¶ 20} In the instant case, Mother's adjudicatory hearing was held on August 10, 2020. At that time, Mother admitted to the allegations in the complaint as amended. The juvenile court found Z.M. dependent and granted the agency's request for temporary custody. This order was a final appealable order. *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 11. However, Mother did

not appeal that decision and does not challenge the award of temporary custody to the agency or the finding of dependency. If an appeal had been made at that stage of the proceedings, then a Juv.R. 29(D) challenge would be appropriate. Nonetheless, Mother challenges the trial court's actions from the July 5, 2022 dispositional hearing determining Z.M.'s custody.

{¶ 21} This court has found that Juv.R. 29(D) does not apply to dispositional hearings. *See In re L.D.*, 8th Dist. Cuyahoga No. 81397, 2003-Ohio-2471, ¶ 9 ("Because the hearing regarding the motion to modify temporary custody to permanent custody was a dispositional hearing, rather than an adjudicatory hearing, Juv.R. 29 did not apply.") *See also In re J.D.*, 8th Dist. Cuyahoga No. 106826, 2018-Ohio-4118, ¶ 28 (addressing Juv.R. 29(B) and upholding finding in *In re L.D.;*) *In re R.A.*, 8th Dist. Cuyahoga No. 95589, 2011-Ohio-742, ¶ 10-11; *In re A.J.*, 10th Dist. Franklin Nos. 14AP-284, 14AP-285, 14AP-286, and 14AP287, 2014-Ohio-5046, ¶ 26; *In re A.D.C.L.*, 2d Dist. Darke Nos. 2015-CA-19 and 2015-CA-21, 2016-Ohio-1415, ¶ 53; *In re K.E.*, 5th Dist. Tuscarawas Nos. 2020 AP 02 0004 and 2020 AP 02 0006, 2020-Ohio-4572, ¶ 18. As we have already established, the July 5, 2022 hearing was a dispositional hearing. Juv.R. 34 governs dispositional hearings. Unlike Juv.R. 29, Juv.R. 34 does not address the treatment of admissions, nor does it address agreements to custody, like the one in this case. Juv.R. 34(B) does not require the juvenile court to personally address the parent and determine that they know the consequences of any admissions or agreements. Further, it does

not require the juvenile court to ensure the parent understands the rights they give up by agreeing to a disposition.

{¶ 22} Consequently, Juv.R. 29 did not apply at the stage of proceedings that she challenges in this appeal.

{¶ 23} Accordingly, we find no merit to Mother's assignment of error and it is overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHAEL JOHN RYAN, J., CONCUR